UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPPER BOTTINI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEAN DOMINGUEZ, et al.,<br><br>Defendants. | Case No. 5:16-cv-00444-PSG<br><br>**ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION REMANDING SUA SPONTE AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Re: Docket Nos. 1, 2)** |

Defendants Dean Dominguez and Sandy Arvin have removed this unlawful detainer action to federal court.[1] The court ORDERS the Clerk of Court to reassign this case to a district judge and RECOMMENDS that the newly assigned judge REMAND the case for lack of subject matter jurisdiction[2] and DENY Arvin's motion to proceed in forma pauperis as frivolous.[3]

**I.**

Plaintiffs Pepper Bottini and Tony Bottini initiated this unlawful detainer action in state

---

[1] *See* Docket No. 1.

[2] *Cf. 3925 Alameda Prop. LLC v. Brainerd*, Case No. 12-cv-4924-EMC, 2012 WL 5199170, at *2 (N.D. Cal. Oct. 22, 2012); *Compass Bank v. Goble*, Case No. 12-cv-1885-WQH, 2012 WL 3229155, at *2 (S.D. Cal. Aug. 3, 2012); *Louden, LLC v. Pajarillo*, Case No. 12-cv-2638-EMC, 2012 WL 3155151, at *1 (N.D. Cal. Aug. 2, 2012); *Bank of Am., Nat'l Ass'n v. Soliven*, Case No. 10-cv-1844-IEG, 2010 WL 3636260, at *2 (S.D. Cal. Sept. 14, 2010).

[3] *Cf. Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Hoke v. Arpaio*, 92 F.3d 1192, 1192 (9th Cir. 1996).

court against Defendants and Does 1 to 5.[4]

**II.**

The parties have not yet consented to magistrate judge jurisdiction,[5] so this matter shall be reassigned to a district judge.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.[6] The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper.[7]

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."[8] A claim "arises under" federal law if, based on the "wellpleaded complaint rule," the plaintiff alleges a federal claim for relief.[9] Defenses and counterclaims asserting a federal question do not satisfy this requirement.[10] Federal district courts also have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states.[11]

When presented with an application to proceed in forma pauperis, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a).[12]

---

[4] *See* Docket No. 1 at 5-8.

[5] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 72(a).

[6] *See* 28 U.S.C. § 1441.

[7] *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

[8] *See* 28 U.S.C. § 1331.

[9] *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).

[10] *Id.*

[11] *See* 28 U.S.C. §1332.

[12] *See Franklin v. Murphy,* 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Section 1915(a) does not require an applicant to demonstrate absolute destitution.[13] An IFP application will be denied and the action dismissed, however, if the party seeking IFP status has filed a pleading or petition that is legally frivolous.[14] A submission is "frivolous" for IFP purposes and therefore subject to summary dismissal under § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact."[15]

### III.

Applying the above standards, it is clear that subject matter jurisdiction does not exist, and that Arvin's notice of removal therefore is frivolous.

***First***, the court lacks subject matter jurisdiction under 28 U.S.C. § 1331. Arvin's notice states that there is a federal question because Defendants' answer "depends on the determination of Defendant's rights and Plaintiff's duties under federal law."[16] This position lacks merit. Federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint and may not be predicated on the defendant's counterclaims or defenses.[17] Here, Plaintiffs' complaint asserts a claim based on state law only—that is, unlawful detainer.[18] This is insufficient to support federal question jurisdiction.

***Second***, given that the court lacks subject matter jurisdiction, it is clear that Arvin's notice

---

[13] *See McCone v. Holiday Inn Convention Ctr.,* 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.,* 335 U.S. 331, 339 (1948)).

[14] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

[15] *Neitzke*, 490 U.S. at 325; *Hoke*, 92 F.3d at 1192.

[16] Docket No. 1 at ¶ 10.

[17] *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826 (2002); *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000).

[18] *See* Docket No. 1 at 5.

3
Case No. 5:16-cv-00444-PSG
ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND
RECOMMENDATION REMANDING SUA SPONTE AND DENYING MOTION TO
PROCEED IN FORMA PAUPERIS

of removal "lacks an arguable basis either in law or in fact" and is frivolous.[19]  In forma pauperis status thus is inappropriate.

**SO ORDERED AND RECOMMENDED.**

Dated: February 11, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[19] *Neitzke*, 490 U.S. at 325; *Hoke*, 92 F.3d at 1192.